# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT T. COLSANT and
GABRIELE E. COLSANT,

    Plaintiffs,

v.

WASHINGTON MUTUAL BANK, FA,

    Defendant.

No. 04 C 1433

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed suit against Defendant, alleging violations of the Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(b)-(f). On November 23, 2004, the Court overruled Defendant's objections to Plaintiffs' Interrogatories and document production requests based on relevancy and the $1,000 recovery for a pattern and practice award under the Act. The Court entered and continued the objections to Plaintiffs' Interrogatories and document production requests based on over-broadness of the request, allowing the parties to more fully brief that issue. Accordingly, Defendant's objections to Plaintiffs' interrogatories and document production requests based on over-broadness -- interrogatories 9, 13, and 14 and document requests 10-14 and 18 -- are presently before the Court.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim. . . . Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. . . ." Fed. R. Civ. P. 26(b)(1).

Plaintiffs seek information regarding all actions that Defendant took to comply with 12 U.S.C. § 2605 regarding Plaintiffs' account. Defendant argues that the request is over-broad and

that it cannot answer the interrogatory because the Plaintiffs have failed to identify or produce qualified written requests. Defendant has within its knowledge what actions it took to comply with 12 U.S.C. § 2605 regarding Plaintiffs' account. Accordingly, this request is granted.

Plaintiffs seek the date Defendant implemented a compliance system for 12 U.S.C. § 2605 and the name, address, title, and job description of each employee with any knowledge of any fact relating to this answer and any documents relating to any fact identified in the answer. Defendant objects, arguing that a complete answer would require Defendant to identify everyone at Defendant who has dealt with 12 U.S.C. § 2605. The implementation of Defendant's system for compliance with 12 U.S.C. § 2605 is discoverable. Furthermore, the identification of personnel and documents directly related to such implementation is also discoverable. However, Defendant need not identify every employee who has "dealt with" 12 U.S.C. § 2605. The request merely seeks information relating to the implementation of the system. Accordingly, the request is granted as provided above.

Lastly, as to interrogatories, Plaintiffs seek the number of letters Defendant receives in a year or any approximation of such numbers from customers that request information or request that Defendant take corrective action, as well as the name, address, title, and job description of each employee with any knowledge of any fact identified in the answer and any documents relating to any facts identified in the answer. Defendant argues that it cannot respond to the interrogatory without performing a loan level review of every loan it has ever serviced. However, Plaintiffs only seek such information for one year; the latest full year would be sufficient. If Defendant is unable to produce any report containing such information (Plaintiffs argue such reports are possible and easy to obtain) without a physical loan review of every loan for that year, Defendant must fully set forth such in its amended responses. Furthermore, Defendant has already identified those employees

2

involved in responding to written correspondence of customers. Accordingly, this request is granted as provided above.

Plaintiffs seek several documents to which Defendant has objected. In its reply brief, Plaintiffs have limited the discovery sought to 2001 to present. Plaintiffs also have withdrawn any request for letters that require Defendant to search its records.

Document requests 10 and 11 seek all documents relating to any complaints, criticism or inquiry by any person concerning Defendant's failing to respond to complaints or inquiries. This information is discoverable. As to Defendant's assertion that the request could involve information that if disclosed would constitute a violation of the Gramm-Leach-Bliley Act, Defendant can respond to the document request accordingly if such situation does arise. However, a blanket statement that some of the information "could" be in violation of the Act is overruled. Accordingly, these requests are granted as provided above.

Document request 12 seeks all documents relating to communications between Defendant and public or private agencies that receive consumer complaints relating to Defendant's failing to respond to complaints or inquiries. Defendant again argues that disclosure of some of the information sought "could" result in a violation of the Gramm-Leach-Bliley Act. This blanket objection is overruled, and the request is granted as provided above.

Document request 13 seeks all documents that discuss Defendant's compliance or lack of compliance with responses to written requests. This material is discoverable and the request is granted as provided above.

Document request 14 seeks specific reports from Defendant. This information is discoverable, and the request is granted.

Lastly, document request 18 seeks all documents setting forth Defendant's document destruction and retention policies. This information is discoverable, and the request is granted.

For the reasons stated above, Plaintiffs' Motion to Compel is granted as provided above. Defendant shall produce the materials, consistent with the above rulings, within 21 days from the date of this order.

Dated: January 18, 2005

JOHN W. DARRAH
United States District Judge